IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

ADOLFUS GILES,                          *

    Plaintiff,                          *

vs.                                     *          CASE NO. 3:10-CV-42 (CDL)

WAL-MART STORES EAST, L.P.,             *

    Defendant.                          *

O R D E R

This action arises from Plaintiff Adolfus Giles's claims of
employment discrimination against his former employer, Defendant Wal-
Mart Stores East, L.P. These claims are almost identical to claims
Plaintiff previously asserted in an earlier lawsuit that was
dismissed by this Court. Defendant seeks dismissal of Plaintiff's
Complaint based upon res judicata, an injunction prohibiting
Plaintiff from filing similar complaints in the future without
obtaining advance permission from the Court, and its attorney's fees
and costs incurred in defending the present action. For the
following reasons, the Court grants Defendant's Motion to Dismiss
(ECF No. 5) but Defendant's requests for additional relief are denied
at this time.

MOTION TO DISMISS STANDARD

When considering a 12(b)(6) motion to dismiss, the Court must
accept as true all facts set forth in the plaintiff's complaint and

limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

When dismissal is sought based upon an affirmative defense, a complaint may be dismissed for failure to state a claim "when its allegations . . . show that an affirmative defense bars recovery on the claim." *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc). In evaluating whether the affirmative defense of res judicata bars a claim, a district court may properly take

2

judicial notice of pleadings and orders in a previous case that were matters of public record and "not subject to reasonable dispute because they were capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned." *Horne v. Potter*, No. 10-10561, 2010 WL 3245149, at \*2 (11th Cir. Aug. 16, 2010) (internal quotation marks omitted).

## BACKGROUND

Plaintiff, proceeding *pro se*, previously filed an action with the Court, *Giles v. Wal-Mart Stores East, L.P.*, 3:09-CV-18 (CDL), asserting various claims against his former employer similar to those alleged in this action. *See* Compl., *Giles v. Wal-Mart Stores East, L.P.*, No. 3:09-CV-18 (CDL) (M.D. Ga. Feb. 9, 2009) [hereinafter *Giles I*], *Giles I* ECF No. 1 [hereinafter *Giles I* Compl.]. In the prior proceeding, the Court found Plaintiff's complaint to be deficient under the Federal Rules of Civil Procedure. *Giles I*, No. 3:09-CV-18 (CDL), 2009 WL 902011, at \*1-\*2 (M.D. Ga. Mar. 31, 2009). Specifically, the Court concluded that Plaintiff's complaint did not comply with the Federal Rules of Civil Procedure because: (1) Plaintiff failed to provide "a short and plain" statement of his claims in accordance with Rule 8(a); (2) Plaintiff did not comply with Rule 10(b) because he failed to state his claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances; and (3) Plaintiff did not set forth each allegation

simply, concisely, or directly, as required by Rule 8(d). *Id.* In light of Plaintiff's *pro se* status, however, the Court declined to dismiss the complaint. *Id.* at \*2. The Court ordered Plaintiff to make a more definite statement, instructing him to make "a short and plain statement of the claim showing that" he is entitled to relief, as required by Rule 8(a)(2). *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). The Court attempted to help Plaintiff correct his complaint by explaining to him that he needed to "set out each of his claims for relief separately, specify which factual allegations support each claim, and otherwise comply with the Federal Rules of Civil Procedure." *Id.* Finally, the Court warned Plaintiff that failure to make a more definite statement within ten days would result in dismissal of the complaint in accordance with Federal Rule of Civil Procedure 12(e). *Id.*

On April 3, 2009, Plaintiff filed a subsequent pleading that he described as a more definite statement of his allegations. Pl.'s More Definite Statement, *Giles I*, *Giles I* ECF No. 9 [hereinafter *Giles I* More Definite Statement]. The Court found that Plaintiff had again failed to follow the Federal Rules of Civil Procedure, and that Defendant could not reasonably be expected to frame a response to Plaintiff's contentions. Order Granting Mot. to Dismiss Compl. 2-3, *Giles I*, *Giles I* ECF No. 15. Therefore, the Court granted Defendant's motion to dismiss Plaintiff's complaint. *Id.* at 3.

4

Plaintiff appealed the Court's order dismissing his complaint to the United States Court of Appeals for the Eleventh Circuit. *Giles v. Wal-Mart Distribution Ctr.*, 359 F. App'x 91 (11th Cir. 2009) (per curiam). The Eleventh Circuit affirmed the dismissal, finding Plaintiff's amended complaint to be "a classic 'shot gun' pleading in that it is not possible to know which factual allegations support which claims for relief." *Id.* at 93. The Eleventh Circuit concluded that "despite guidance from the district court on how to cure the deficiencies in his complaint and a clear warning that noncompliance would be cause for dismissal, [Plaintiff] did not comply with the district court's order to file an amended complaint in conformity with the requirements of Rules 8 and 10." *Id.* The Court of Appeals affirmed the dismissal, holding that because of Plaintiff's failure to obey the Court's order, it was not an abuse of discretion to dismiss the complaint. *Id.; see also id.* (noting that a district court is allowed to strike the pleadings under Rule 12(e) if a party does not comply with an order directing him to provide a more definite statement within 10 days, and noting that Rule 41(b) allows a court to dismiss a case for failure to comply with a court order). Plaintiff appealed to the Supreme Court of the United States, which denied Plaintiff's Petition for Writ of Certiorari. *Giles v. Wal-Mart Distribution Ctr.*, 130 S.Ct. 3469 (2010) (mem.).

On June 28, 2010, Plaintiff filed the present action against Defendant for race and national origin discrimination based on the same facts alleged in his previous complaint. *See* Compl., ECF No. 1. Defendant seeks dismissal of the present Complaint based on res judicata; Defendant also seeks its costs and attorney's fees and an injunction prohibiting Plaintiff from filing future similar complaints without first obtaining permission from the Court. Def.'s Mot. to Dismiss and for an Order Enjoining Pl. from Filing Additional Lawsuits Against Def. [hereinafter Mot. to Dismiss], ECF No. 5.

DISCUSSION

## I. Res Judicata

Res judicata, or claim preclusion, bars claims which were or could have been raised in an earlier proceeding. *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990) (internal quotation marks omitted). Four elements must exist for res judicata: "(1) there must be a final judgment on the merits; (2) the decision must be rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases." *Id.* These elements exist here.

It is undisputed that this Court had jurisdiction to issue the previous order dismissing Plaintiff's earlier complaint and that the parties in this action are the same as those in the earlier action.

6

It is also clear that the dismissal of Plaintiff's earlier complaint constitutes a final judgment on the merits. Rule 41(b) provides that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule. . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). When a court dismisses an action for failure to follow an order of the court and does not specify whether the dismissal is with or without prejudice, it is treated as a judgment on the merits and with prejudice. *See Gormley v. Nix*, No. 04-12374, 2005 WL 2090282, at *4 (11th Cir. Aug. 31, 2005) (per curiam) ("[T]he district court's order dismissing [plaintiff's] action does not state that it was without prejudice and, therefore, pursuant to Fed. R. Civ. P 41(b) . . . the dismissal is treated as one on the merits and with prejudice."); *see also NAACP v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990) (finding that a district court's decision—which did not indicate whether dismissal was under Rule 12(b)(6) or Rule 41(b), or whether the dismissal was with or without prejudice—was a final adjudication on the merits for res judicata purposes).

Finally, the cause of action asserted in the present Complaint is the same as the one asserted in the earlier complaint. "[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action . . . the two cases are really the same 'claim' or 'cause of action' for purposes

7

of res judicata." *Citibank*, 904 F.2d at 1503 (internal quotation marks omitted). Plaintiff's Complaint asserts the same facts to support his allegations of wrongful termination, employment discrimination, and harassment that formed the basis for Plaintiff's prior action in this Court. *Compare* Compl., *with Giles I* Compl., *and Giles I* More Definite Statement. Plaintiff's current claims that his managers assaulted him, spit on him, kicked him, forced him to be bitten by bugs, and elbowed him in the back while working for Defendant are also found in the dismissed complaint. *Compare* Compl. ¶ 9, *with Giles I* Compl. 1, *and Giles I* More Definite Statement 1,3-5,7. The factual allegations that Defendant underpaid him, committed garnishment fraud, created a hostile working environment by hiring his ex-girlfriend, and that a gun was pointed at his head, are similarly included in both complaints. *Compare* Compl. ¶ 9, *with Giles I* Compl. 2, *and Giles I* More Definite Statement 1-3, 5-7.

In summary, Plaintiff's claims in the present action were brought in the previous action, and that previous action was properly dismissed on the merits. Accordingly, Plaintiff's claims are barred by res judicata, and Defendant's motion to dismiss the present action must be granted.

## II.  Injunctive Relief

Maintaining that the present action is frivolous and repetitious, Defendant also asks the Court to exercise its inherent

8

authority and issue an injunction prohibiting Plaintiff from filing additional lawsuits against Defendant in this or any other federal court without first obtaining leave from this Court. Mot. to Dismiss 1, 6, 9. The Court acknowledges that a district court has jurisdiction to protect itself against abusive litigation. *See Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (per curiam) ("There should be little doubt that the district court has the jurisdiction to protect itself against the abuses that litigants like [plaintiff] visit upon it."). As explained by the Eleventh Circuit, "[f]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Id.* This power, however, should be exercised sparingly and judiciously. In the present case, the Court finds it unnecessary at the present time to enjoin Plaintiff from filing additional lawsuits without first obtaining the Court's permission. The Court observes that res judicata bars Plaintiff's claims, and dismissal of Plaintiff's Complaint adequately protects Defendant against repetitious litigation. *See Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980) (per curiam) (noting that injunctions prohibiting plaintiffs from filing future litigation on causes of action arising out of the same facts "are generally unnecessary, as res judicata and collateral estoppel are usually more than adequate to protect

9

defendants against repetitious litigation").[1]  If Plaintiff fails to get the message this time, then injunctive relief, along with other sanctions, may be appropriate in the future.

## III.  Attorney's Fees

Defendant also seeks its costs and attorney's fees incurred in defending against Plaintiff's claims.  Mot. to Dismiss 9.  The Court certainly has the inherent power to assess attorney's fees and costs against a party when the party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001) (internal quotation marks omitted).  "[T]he key to unlocking a court's inherent power is a finding of bad faith."  *Id.* (internal quotation marks omitted).  The court's inherent power is potent and should be used with restraint and discretion.  *Id.*  At the present time, the Court finds an award of attorney's fees to be unwarranted.  Although a Court's patience with *pro se* litigants has its limits, the Court "should show [some] leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education."  *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).  The Court notes that Plaintiff has filed only one repetitive

---

[1]The Eleventh Circuit has adopted all decisions of the former Fifth Circuit rendered before October 1, 1981, as binding precedent.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

10

complaint, and the evidence is less than conclusive that it was done in bad faith. It is possible that Plaintiff did not fully understand the final effect and legal consequences of the Court's previous order dismissing his earlier complaint. The Court emphasizes, however, that after today's Order, Plaintiff shall have no similar excuse in the future. Therefore, if Plaintiff repeats this conduct with yet another complaint against the Defendant asserting the same claims asserted in these two prior actions, the Court will not hesitate to impose sanctions against Plaintiff, including an order requiring him to pay Defendant's costs and attorney's fees.

## CONCLUSION

For the forgoing reasons, the Court grants Defendant's Motion to Dismiss (ECF No. 5) but denies Defendant's request for an order enjoining plaintiff from filing future litigation against Defendant and for costs and fees.

IT IS SO ORDERED, this 1st day of November, 2010.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE